```
PATRICK L. FORTE, #80050
CORRINE BIELEJESKI, #244599
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 10-74561 RN |
| **JORGE BRADUL BONILLA CORLETO,** | Chapter 13 |
| Debtor. | **MOTION TO VALUE SECURITY OF PNC BANK UNDER FRBP 3012; NOTICE AND OPPORTUNITY TO REQUEST A HEARING** |

Debtor Jorge Corleto ("Debtor") hereby moves the court to value the claim of PNC Bank ("PNC Bank") secured by a lien against Debtor's property located at 2707 Feemster Avenue, Visalia, CA 93292 ("the property").

1. This motion is based on the petition, schedules, and documents on file herein, and the Memorandum of Points and Authorities in Support of the Motion and Declaration of Debtor in Support of the Motion filed herewith.

2. As stated in the attached Declaration, at the time of filing, Debtor's property was worth less than the first lien against the property.

3. PNC Bank holds the second lien against the property.

Based on the foregoing, and for the reasons stated in the attached Memorandum of Points and Authorities, Debtor prays that:

1. For purposes of Debtor's chapter 13 plan only, the court value PNC Bank's lien at zero, hold that PNC Bank does not have a secured claim, and hold that PNC Bank's lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2), and 1327; and

2. Upon entry of a discharge in Debtor's chapter 13 case, the lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the lien.

**PLEASE TAKE NOTICE:**

(i)  That Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and that any objection to the requested relief, or a request for hearing on the matter must be filed and served upon the undersigned within twenty-one (21) days of mailing of this Notice;

(ii)  That a request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position;

(iii)  That if there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default; and

(iv)  That the undersigned will give at least seven (7) days written notice of hearing to the objecting or requesting party, and to any trustee or committee appointed in the case, in the event an objection or request for hearing is timely made; and

(v) That, except as otherwise ordered by the court, the initial hearing on the motion will not be an evidentiary hearing, and will serve as a status conference at which the court may schedule any evidentiary hearing necessary.

Dated: February 19, 2011    /s/ Corrine Bielejeski
                            CORRINE BIELEJESKI
                            Attorney for Debtor