Weinstein & Riley, P.S.
Gail A. Rinaldi - SBN 133354
3830 Valley Centre Drive.
Suite 705411
San Diego, CA 92130
Telephone:  760-846-1003
Facsimile:  858-481-0545
Email: GailR@w-legal.com
Attorney for Movant

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 10-74561 |
| JORGE BRADUL BONILLA CORLETO, | Chapter 13 |
| Debtor. | RS No. GAR-1 |
| | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date: February 11, 2015 |
| | Time: 9:30 a.m. |
| | Ctrm: 220 |
| | Place: U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |
| | Judge: The Honorable William J. Lafferty |

Nationstar Mortgage LLC, as servicer for Deutsche Bank National Trust Company Americas, as Trustee for Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QO5 ("Movant"), submits this motion (A) to compel debtor Jorge Bradul Bonilla Corleto (the "Debtor") to cure his defaults, or, in the alternative (B) pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code") for termination of the automatic stay

1

to permit foreclosure. The Debtor has not made the payments owed to Movant starting with the payment due May 1, 2012, and arrears of at least $53,782.85 are now due.

Pursuant to the Debtor's confirmed modifying Chapter 13 Plan, the Debtor has surrendered the property and is no longer able to make the payments required by the Note and the Mortgage. The Debtor stopped making payments due under the Note since May 1, 2012. Therefore, the Debtors have failed to adequately protect the interest of Movant, the Court should terminate the stay to permit Movant to foreclose.[1]

## STATEMENT OF FACTS

The Note and Mortgage
And the Assignment to Movant

1. On June 6, 2007, Jorge Corleto (the "Debtor") borrowed $340,000.00 from Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.) ("Original Lender") pursuant to a 40-year variable interest rate promissory note bearing an initial interest rate of 8.500% (the "Note"). The initial monthly payment was $900.47. A copy of the Note is attached as Exhibit A.

2. To secure repayment of the Note, the Debtor executed a Deed of Trust (the "Deed of Trust") granting Original Lender a first priority security interest in his residence located at 2707 East Feemster Avenue, Visalia, CA 93292 (the "Property"). A copy of the Mortgage is attached as Exhibit B.

3. Original Lender caused the Deed of Trust to be recorded on June 14, 2007 as Instrument No.: 2007-0055152 in the in the Official Records of the Tulare County, State of California.

---

[1] Movant notes that it previously requested relief from stay. On December 17, 2013, the Court denied the Motion on the basis that it did not conform with the notice requirement of Bankruptcy Local Rule 4001-1, and that Movant failed to prosecute. *See* Docket No. 74.

2

4. On September 14, 2013, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Original Lender assigned the Deed of Trust to Movant. A copy of the assignment is attached as Exhibit C.

5. The Note was endorsed in blank by Aurora Loan Services LLC. Movant has the Note in its possession.

The Petition, the Claim and the Plan

6. On December 21, 2010, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule D, filed with the petition, the Debtor included an undisputed obligation in the amount of $368,000.00 owed to Aurora Loan Services.

7. On August 30, 2012, Debtor filed his motion to Modify Plan, in which he stated that he intended to surrender the property to Aurora Loan Services.

8. On October 5, 2012, Nationstar Mortgage LLC filed a timely proof of claim in the amount of $370,558.66. A copy of the proof of claim is attached as Exhibit D. The proof of claim reflected prepetition arrearages in the amount of $1,118.64.

9. On September 28, 2012, the Court entered an order modifying Chapter 13 Plan. [Docket No. 58.]

10. As of the date of this Motion, the Plan still has approximately two years to run, and the Debtor has not yet obtained his discharge.

The Default

11. The Debtor made the payments due under the Note and the Plan through April 2012, but has been in default beginning with payment due on May 1, 2012. The current unpaid balance as of November 11, 2014 is $368,273.22 and arrearages total $53,782.85. A copy of a schedule

3

showing the payment history is attached as Exhibit E to the Declaration filed in support of this Motion.[2]

The Residence

12. The Debtor stated that the Residence was worth $213,000.00 as of the Petition Date.

Efforts to Resolve the Delinquency Without Litigation

13. On November 4, 2014, counsel for Movant sent a message by e-mail to Debtor's counsel advising counsel that Movant was contemplating stay relief and offering to discuss an amicable resolution to the matter. Debtor's counsel has not replied to the message.

ARGUMENT

THE COURT SHOULD TERMINATE THE AUTOMATIC STAY
IN ACCORDANCE WITH THE TERMS OF THE CONFIRMED PLAN

14. The Debtor filed the Motion to Modify Plan indicating that the Debtor intended to surrender the property to Movant. The Court approved the modifying Chapter 13 Plan. Movant, therefore, respectfully requests that the Court terminate the automatic stay. A copy of the Order modifying Chapter 13 Plan is attached as Exhibit F.

15. Movant alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Movant is not adequately protected. Movant is not receiving regular monthly payments and is unfairly delayed from proceeding with the foreclosure of the subject Property. The Debtor has just stopped paying and now in default for at least 32 payments. Under these facts, cause exists to terminate the stay.

16. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts,

---

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of this motion. Interested parties can obtain an exact payoff amount and/or reinstatement quote by contacting Movant's undersigned counsel.

4

judgments, mortgages, and security agreements in support of right to seek relief from the automatic stay and foreclose if necessary.

## CONCLUSION

For the reasons set out above, Movant respectfully prays that the Court enter an order (i) requiring the Debtor to cure the arrears (ii) modifying the automatic stay to permit Movant to foreclose on the Residence (iii) waiving the 14 day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, (iv) permitting Movant to recover its reasonable attorney fees and costs incurred in prosecuting the instant motion by adding those amounts to the outstanding balance under the Note as allowed under applicable non-bankruptcy law, and (v) granting such other relief as justice may require.

Dated: January 15, 2015

Weinstein & Riley, P.S.

/s/ Gail A. Rinaldi
Gail A. Rinaldi - SBN 133354
3830 Valley Centre Drive, Suite. 705411
San Diego, CA 92130
Telephone: 760-846-1003
Facsimile: 858-481-0545
Email: GailR@w-legal.com
Attorney for Movant